IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH HIGGINS,
LESLIE GARCIA and
JOSE URBAN,

        Plaintiffs,

v.                            Cause No. 1:11-CV-00757KBM/ACT

CHARLES BACA, and
CITY OF SANTA ROSA,

        Defendants.

## DEFENDANT CITY OF SANTA ROSA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, WITH JURY DEMAND

COMES NOW the Defendant City of Santa Rosa ("Defendant City"), by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lawrence H. Hill and Lisa Entress Pullen), and serves its Answer with affirmative defenses to Plaintiffs' First Amended Complaint filed on August 24, 2011. Defendant City includes its demand for a trial by a jury.

1.      With regard to the Plaintiffs' "Jurisdiction and Venue" statement on page 1 of their First Amended Complaint, Defendant City is without sufficient information or belief to admit or deny the basis for Plaintiffs' claims against it. Defendant City admits that the U.S. District Court for the District of New Mexico has subject matter jurisdiction of this action and of the parties, and that venue is proper in this Court. Any remaining allegations are denied.

2.      In response to Paragraph 1 of Plaintiffs' First Amended Complaint, upon reasonable information and belief, Defendant City admits that Plaintiffs are individuals and residents of Guadalupe County, New Mexico.

3. In response to Paragraph 2 of Plaintiffs' First Amended Complaint, Defendant City admits the allegations that Officer Charles Baca was a law enforcement officer for the City of Santa Rosa's police department at the times alleged in the complaint. It further admits that Officer Charles Baca was acting under color of state law and within the course and scope of his employment by the City of Santa Rosa at all material times. Defendant City does not know Plaintiffs' intent in suing Officer Baca and is unable to admit or deny the allegations of how defendant Baca is being sued. Any remaining allegations of Paragraph 2 are denied.

4. In response to Paragraph 3 of Plaintiffs' First Amended Complaint, Defendant City admits that the City of Santa Rosa is a municipality. Defendant City objects to the remaining allegations of Paragraph 3 as they call for legal conclusions involving federal and state statutes, and no response is required. To the extent a response may be required, Defendant City is without sufficient information or belief to admit or deny the allegations.

5. In response to Paragraph 4 of Plaintiffs' First Amended Complaint, Defendant City admits that Officer Charles Baca testified by affidavit that he possessed evidence that Joseph Higgins and Leslie Garcia engaged in sales of illicit drugs in March 2010 in Santa Rosa, New Mexico. Any remaining allegations are denied.

6. In response to Paragraph 5 of Plaintiffs' First Amended Complaint, Defendant City admits that Officer Charles Baca testified by affidavit that he possessed evidence that Jose Urban engaged in sales of illicit drugs in May 2010 in Santa Rosa, New Mexico. Any remaining allegations are denied.

7. In response to Paragraph 6 of Plaintiffs' First Amended Complaint, Defendant City admits that Officer Charles Baca, as Complainant on behalf of the State of New Mexico, filed

criminal charges against Jose Urban on May 21, 2010 asserting various violations of the laws against possession and distribution of controlled substances. Any remaining allegations are denied.

8. In response to Paragraph 7 of Plaintiffs' First Amended Complaint, upon information and belief, Defendant City admits that arrest warrants for the Plaintiffs were executed on May 21, 2010. With regard to any remaining allegations, Defendant City is without sufficient information or belief to admit or deny the allegations, and, therefore, denies the same.

9. In response to Paragraph 8 of Plaintiffs' First Amended Complaint, Defendant City is without sufficient information or belief to admit or deny the allegations, and, therefore, denies the same.

10. In response to Paragraph 9 of Plaintiffs' First Amended Complaint, Defendant City denies that charges were adjudicated and dismissed. To the best of Defendant City's knowledge, the criminal charges against Plaintiffs were dismissed without prejudice to re-filing. Any remaining allegations are denied.

11. In response to Paragraph 10 of Plaintiffs' First Amended Complaint, Defendant City is without sufficient information or belief to admit or deny what was contained in news reports or what Plaintiffs believe to have occurred. Any remaining allegations are denied.

12. In response to Paragraph 11 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they are vague and non-specific. To the extent a response may be required, Defendant City denies the allegations.

13. In response to Paragraph 12 of Plaintiffs' First Amended Complaint, Defendant City is without sufficient information or belief to admit or deny the allegations, and, therefore, denies the same.

14. In response to Paragraph 13 of Plaintiffs' First Amended Complaint, Defendant City denies the allegations.

15. In response to the statement of incorporation stated immediately after the introduction of Count I of the First Amended Complaint, Defendant City incorporates its responses and objections to Paragraphs 1-13 of the Plaintiffs' First Amended Complaint.

16. In response to Paragraph 14 of Plaintiffs' First Amended Complaint, Defendant City denies the allegations.

17. In response to Paragraph 15 of Plaintiffs' First Amended Complaint, Defendant City denies the allegations.

18. In response to Paragraph 16 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

19. In response to Paragraph 17 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations. Defendant City also affirmatively states that Officer Baca's affidavit supported issuance of an arrest warrant.

20. In response to Paragraph 18 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

21. In response to Paragraph 19 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is

required. To the extent that a response may be required, Defendant City denies the allegations. Defendant City also affirmatively states that an arrest warrant was issued.

22. In response to Paragraph 20 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

23. In response to the statement of incorporation stated immediately after the introduction of Count II of the First Amended Complaint, Defendant City incorporates his responses and objections to Paragraphs 1-20 of the Plaintiffs' First Amended Complaint.

24. In response to Paragraph 21 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

25. In response to Paragraph 22 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

26. In response to Paragraph 23 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

27. In response to the statement of incorporation stated immediately after the introduction of Count III of the First Amended Complaint, Defendant City incorporates his responses and objections to Paragraphs 1-23 of the Plaintiffs' First Amended Complaint.

28. In response to Paragraph 24 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

29. In response to Paragraph 25 of Plaintiffs' First Amended Complaint, Defendant City objects to the allegations because they call for a legal conclusion and assume the existence of certain duties, and as such, no response is required. To the extent that a response may be required, Defendant City denies the allegations.

30. In response to Paragraph 26 of Plaintiffs' First Amended Complaint, Defendant City is without sufficient information or belief to admit or deny what Plaintiffs allege or why they allege it. To the extent a further response may be required, Defendant City denies the allegations.

31. In response to Paragraph 27 of Plaintiffs' First Amended Complaint, Defendant City denies the allegations, and states that there was no deprivation of Plaintiffs' rights.

32. In response to Plaintiffs' stated "Prayer for Relief," Defendant City states that it denies any liability for the requested relief, and that the requests do not contain factual allegations requiring any other response.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state claims upon which relief may be granted.

2. Plaintiffs' claims against the City of Santa Rosa fail under the standards established by <u>Monett v. Dona Ana County Sherriff's Posse</u>.

3. Plaintiffs' claimed damages, if any, were caused by the negligence, misconduct or other fault of the Plaintiffs or other persons for whom this Defendant is not liable.

4. Plaintiffs have failed to mitigate their damages, if any are proven.

5. Plaintiffs' claims for punitive damages are unconstitutional and/or contrary to statute (the New Mexico Tort Claims Act) and applicable law, and are therefore barred.

6. Plaintiffs' New Mexico Tort Claims Act claims fail due to their failure to complete all conditions precedent under the New Mexico Tort Claims Act, thus barring any recovery.

7. This Defendant reserves all other defenses that may be available to it under the provisions of the New Mexico Tort Claims Act.

## JURY DEMAND

Defendant City of Santa Rosa hereby demands a trial by jury of all claims against it.

WHEREFORE, Defendant City of Santa Rosa respectfully requests the Court to dismiss Plaintiffs' First Amended Complaint and all counts therein against it, with prejudice, to award this Defendant its attorney's fees and costs, and for further relief the Court deems just and proper.

Respectfully submitted,

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

By _/s/ Lisa E. Pullen_
Lawrence H. Hill, Esq.
Lisa Entress Pullen, Esq.
*Attorneys for Defendant City of Santa Rosa*
P.O. Drawer 887
Albuquerque, New Mexico 87103
505-842-8255 Office

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2011, I filed the foregoing pleading through the federal court's CM/ECF filing system, which caused a copy of the pleading to be served electronically on the following counsel through that system:

Joseph Patrick Kennedy, Esq.
Shannon L. Kennedy, Esq.
Kennedy Law Firm
1000 2nd Street NW
Albuquerque, New Mexico 87102-2216
jpk@civilrightslawnewmexico.com
slk@civilrightslawnewmexico.com
*Attorneys for Plaintiffs Joseph Higgins,
Leslie Garcia, and Jose Urban*

_/s/ Lisa E. Pullen_
Lisa Entress Pullen, Esq.