IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. HIGGINS, LESLIE GARCIA
and JOSE URBAN,

    Plaintiffs,

v.                                                                          Civ. No. 11-00757 JAP/ACT

CHARLES BACA and CITY OF SANTA ROSA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs Joseph G. Higgins, Leslie Garcia, and Jose Urban's Motion to Compel discovery responses from Defendants Charles Baca and City of Santa Rosa (Doc. 34).  The primary issue is whether the Court should order Defendants to answer six interrogatories posed by Plaintiffs.  Because elements of the interrogatories request information which may be relevant to Plaintiffs' claims and which appear reasonably calculated to lead to the discovery of admissible evidence, the Motion to Compel will be GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

This is an action brought under Title 42, Section 1983 of the United States Code and the New Mexico Tort Claims Act alleging unreasonable search and seizure in application of a warrant, due process infringement, and municipal liability.  *See* Pls.' First Am. Complaint for Recovery of Damages Due to Deprivation of Civil Rights and Violation of Tort Claims Act 1, Doc. 1-3 (hereinafter "Doc. 1-3").  Defendant Baca is alleged to have deprived Plaintiffs of their federal and state constitutional rights by supplying an arrest affidavit with false information, and thereafter using that arrest affidavit to arrest Plaintiffs.  *Id.* at ¶¶ 15-16.  Specifically, Plaintiffs

allege that Defendant Baca placed false or faulty information on the arrest affidavits by reporting that Plaintiffs engaged in multiple–but separate to each Plaintiff–illegal drug transactions. *See id.* The drug transactions allegedly occurred from March 21, 2010 to May 3, 2010, and, according to Defendants, were observed by a confidential informant and Defendant Baca. *See* Mot. to Dismiss Compl. Based on Qualified Immunity and as a Matter of Law Based on the Undisputed Material Facts, Exs. A, C, D, E, F, G, H, I, & J. Doc. 39. Moreover, Plaintiffs allege that Defendant Santa Rosa "has adopted a policy of inadequately investigating and corroborating allegations of criminal wrongdoing, of executing search warrants in an unreasonable manner, and of monitoring its officers in the use of [confidential informants]." Doc. 1-3, at ¶ 26.

Defendants deny that they committed any violation of law as alleged by Plaintiffs, and assert several affirmative defenses, including qualified immunity and municipal immunity from *respondeat superior* under the standard of *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See* Def. City of Santa Rosa's Answer to Pls.' First Am. Compl., with Jury Demand ¶¶ 5-6, Doc. 8; Def. Charles Baca's Answer to Pls.' First Am. Compl., with Jury Demand ¶¶ 5-6**,** Doc. 6**;** Joint Status Report and Provision Discovery Plan 3-4, Doc. 16 (hereinafter "Doc. 16").

## PROCEDURAL BACKGROUND

On July 1, 2011, Plaintiffs filed their Complaint for Recovery of Damages Due to Deprivation of Civil Rights and Violation of Tort Claims Act in the Fourth Judicial District Court County of Guadalupe, State of New Mexico. Doc. 1-3, at 1. On August 24, 2011, Defendants removed the case to this Court pursuant to Title 28, Section 1441 of the United States Code (2006). Notice of Removal 1, Doc. 1. On November 14, 2011, the parties met to

discuss a provisional discovery plan per the requirements of Federal Rule of Civil Procedure 26 (hereinafter "Rule" 26).  Doc. 16.

Plaintiffs sent their first set of interrogatories to Defendants on February 8, 2012.  *See* Pls.' Mot. to Compel 1, Doc. 34 (hereinafter "Doc. 34").  After requesting more time to respond (a request to which Plaintiffs agreed), Defendants partially answered the interrogatories on March 28, 2012, listing several objections to the questions posed therein.  *Id.*  Twenty days later[1] on April 17, 2012, Plaintiffs asked Defendants to completely answer the interrogatories, notwithstanding Defendants' earlier objections.  *Id.*

As a result of Defendants' refusal to answer the interrogatories in full, Plaintiffs filed their Motion to Compel (hereinafter "Motion") on May 5, 2012, thirty-eight days after Defendants initially objected.  *See id.*  Defendants requested an extension of time to file their response brief to the Motion (to which the Plaintiffs agreed), and subsequently filed their response on May 30, 2012.  *See* Notice of Extension of Time for Defs. to File Resp. to Mot. to Compel 1, Doc. 37; Def. Charles Baca and City of Santa Rosa's Resp. Opposing Pls.' Mot. to Compel 1, Doc. 38 (hereinafter "Doc. 38").  Twenty-one days thereafter, Plaintiffs filed their reply brief on June 20, 2012.  *See* Reply to Resp. to Mot. 1, Doc. 40 (hereinafter "Doc. 40").

## LAW REGARDING THE TIMELINESS OF MOTIONS

The local civil rules of the United States District Court for the District of New Mexico establish deadlines for filing documents with the Court.[2]  D.N.M.LR-Civ. 26.6, in pertinent part, provides,

---

[1] The count of days listed herein are calculated in accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6.

[2] For the convenience of the parties, the local rules are available on the internet.  *See* D.N.M.LR-Civ., *available at* http://www.nmcourt.fed.us/web/DCDOCS/files/LocalCivilRulesAmended%201-1-2012.pdf.

>A party served with objections to . . . an interrogatory . . . must proceed under D.N.M.LR 37.1 [(local rule regarding Motion to Compel)] within twenty-one (21) days of service of an objection[;] [f]ailure to proceed within this time period constitutes acceptance of the objection.  For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

Furthermore, D.N.M.LR-Civ.7.4(a), in pertinent part, provides,

>A response must be served and filed within fourteen (14) calendar days after service of the motion.  A reply must be served and filed within fourteen (14) calendar days after service of the response.  These time periods are computed in accordance with Fed R. Civ. P. 6(a) and (d) and may be extended by agreement of all parties.  For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.

Failure to comply with the local rules may result in adverse consequences for the noncompliant party.  *See Lewis v. Goldsberry*, No. CIV 11–0283 JB/ACT, 2012 WL 681800, at *8 (D.N.M. Feb. 27, 2012) ("Because Lewis has failed to comply with the . . . local rules, the Court will order that Lewis provide the requested releases and verification form.").  However, if considering a motion "will not delay the proceeding, but will likely advance [it] by resolving a dispute between the parties over [communications] that may be material for the resolution of the case," the Court may find good cause to excuse the failure to comply.  *Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11–0260 JB/RHS, 2012 WL 592874, at *10 (D.N.M. Feb. 16, 2012); *see also* D.N.M.LR-Civ. 1.7 ("These rules may be waived by a Judge to avoid injustice.").

## LAW REGARDING SCOPE OF DISCOVERY

Rule 26, in pertinent part, provides,

>[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense–including . . . the identity and location of persons who know of any discoverable matter.

Rule 26 sets forth the permissible scope of discovery by interrogatories.  *See* Fed. R. Civ. P. 33(a)(2); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D.Okla. 2009).  Courts have

deemed the arrest records of individuals other than named plaintiffs as discoverable information, provided that the information is relevant to a plaintiff's claim or a defense.  *See, e.g.*, *Miller v. City of Plymouth*, 2:09–CV–205–JVB–PRC, 2011 WL 1740154 (N.D. Ind. May 5, 2011) (permitting discovery by interrogatory of the "names of any persons arrested during a traffic top [*sic*]" when the plaintiffs alleged that they were, *inter alia*, unreasonably searched following a routine traffic stop); *Barnett v. County of Contra Costa*, Nos. C-04-4437-TEH, C-04-5365-TEH, 2007 WL 196678, at *5 (N.D. Cal. Jan. 24, 2007) (permitting discovery by interrogatory of "information on persons arrested on 'charges not involving drugs, weapons, or violence'" when the plaintiff alleged that a visual body cavity search at a county jail following her arrest for a misdemeanor crime constituted an unreasonable search).  Therefore, the arrest information of a nonparty is discoverable through an interrogatory so long as the information requested is otherwise within the permissible bounds of discovery.  *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(a)(2).

## LAW REGARDING DISCLOSURE OF THE IDENTITY OF CONFIDENTIAL INFORMANTS IN CIVIL PROCEEDINGS

Federal Rule of Evidence 501 provides,

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Hence, the federal common law is instructive on claims of privilege made during the course of a § 1983 action.  *See Nixon v. Fitzgerald*, 457 U.S. 731, 769 (1982).

The informer's privilege "is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers

charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted).[3] "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Id.* "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

The informer's privilege is "arguably stronger" in civil cases "because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St.*, 993 F.2d 773, 774 (10th Cir. 1993). Nonetheless, the informer's privilege is limited in several respects. First, if the contents of a communication can be discerned without revealing the identity of an informant, then the privilege does not apply to the underlying communication. *Roviaro*, 353 U.S. at 60. Second, if the "identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Id.* Third, if the "disclosure of an informer's identity, or of the contents of his communication, is relevant and . . . is essential to a fair determination of a cause, the privilege must give way." *Id.*

Ultimately, in assessing whether the informer's privilege is proper, the Court must balance the "public interest in protecting the flow of information against the individual's right to prepare his [cause]." *Roviaro*, 353 U.S. at 63. The balancing is particular to each case, considering such factors as "the crime charged [or claim alleged], the possible defense, the possible significance of the informer's testimony, and other relevant factors." *Id.*

---

[3] Although *Roviaro* was decided in response to a criminal proceeding, its dictates apply to civil cases as well. *In re Search of 1638 E. 2d St.*, 993 F.2d 773, 774 (10th Cir. 1993) ("The privilege is applicable in civil cases . . ." (citing *United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 43 (1st Cir. 1991))).

Given the importance of protecting the interests of both parties, courts often have followed an *in camera* procedure for disclosing the identity of and requesting information from a confidential informant.  *See* 3 Sandra D. Katz & Kent Sinclair, *Weinstein's Federal Evidence* § 510.07 (2d ed. 2011); *see also United States v. Moralez*, 908 F.2d 565, 569 (10th Cir. 1990) (remanding case to the "district court to hold *in camera* hearings to determine whether the informant's testimony is relevant and whether disclosure is warranted").  This procedure preserves the anonymity of the confidential informant, but ensures that the opposing party has access to the testimony of the informant in order to properly vet his or her claims.  *Cf. United States v. Harris*, 223 Fed. Appx. 747, 751-52 (10th Cir. 2007) (unpublished) (affirming district court's rejection of magistrate judge's report and recommendation suggesting disclosure of confidential informant's identity when confidential informant was not involved in drug buy).

Moreover, an *in camera* procedure is optimal when the Court faces a dichotomous dilemma; that dilemma being, either deny disclosure, which may render the plaintiff virtually unable to pursue his or her cause of action, or conversely, grant disclosure, which may result in harm to the confidential informant or subsequent difficulty for a governmental entity to recruit citizens to act as confidential informants.  *See Rodriguez v. City of Springfield*, 127 F.R.D. 426, 431 (D. Mass. 1989) (recognizing that while an *in camera* hearing has "its deficiencies both for the defendant and the plaintiff, it offers itself as the fairest and most expeditious method for balancing the parties' competing interests").  Therefore, when a plaintiff's cause of action is contingent upon the testimony of a confidential informant, an *in camera* review may be proper to balance the parties' competing interests.  *See id.*

# DISCUSSION

## I. The Court Will Excuse Plaintiff's Failure to Timely Move to Compel and Timely File a Reply Brief.

Plaintiffs filed the Motion thirty-eight days after Defendants served their objections to the interrogatories. *See* Doc. 34, at 1. Thus, the Motion missed the filing deadline by seventeen days. *See* D.N.M.LR-Civ. 26.6. Plaintiffs filed their reply twenty-one days after the Defendants' filed their response. *See* Doc. 40, at 1. Hence, the reply missed the filing deadline by seven days. *See* D.N.M.LR-Civ.7.4(a). Although the Court strongly disfavors failure to comply with the local rules, Plaintiffs' lack of timeliness will be excused to avoid injustice. *See* D.N.M.LR-Civ. 1.7. The Court does not intend to employ such leniency to either party in the future.

## II. The Motion to Compel Responses to the Interrogatories Concerning Information About Similar Arrests Is GRANTED in Part and Is DENIED in Part.

As set forth below, the Motion, with respect to the interrogatories requesting information about arrests of individuals other than named Plaintiffs, is GRANTED in part and DENIED in part.

### A. Interrogatory No. 13.

#### 1. Question posed by Plaintiffs:

Please produce every police report, case notes, every affidavit for search warrant, and return and inventory of search warrant in which you used or described or relied upon the confidential source that you used in securing the search warrant of Plaintiff's homes. This request specifically includes all people arrested on or about May 21, 2011 for allegations of selling controlled substances.

      2.      Answer given by Defendants:

Defendants object to this request to the extent it seeks information about persons other than the three plaintiffs, because that information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. Further, the request is vague and confusing as worded, and is overly broad and unduly burdensome. Without waiving their objections, Defendants attach to this production the State of New Mexico Uniform Incident Reports involving the three plaintiffs, the affidavits for issuance of arrest warrants made by Officer Baca concerning the three plaintiffs, the receipts for the Region V Joint Task Force produced herein and concerning the three plaintiffs, and the photographs being produced herein. No search warrants were issued. Only arrest warrants were issued.

      3.      Court's ruling:

The Court finds that the information requested in Interrogatory No. 13 may be relevant to Plaintiffs' claims and appears reasonably calculated to lead to the discovery of admissible evidence. This conclusion is reached because a pattern of inconsistencies in the arrest affidavits and arrest warrants, obtained on the basis of information supplied by the confidential informant and Defendant Baca, may support Plaintiffs' claims. Nonetheless, at this time, the Court recognizes that a complete response to the above interrogatory may be unduly burdensome; thus, Defendants are ordered only to produce the requested arrest affidavit and arrest warrant for each individual arrested on or about May 21, 2010 and whose arrests were based upon information supplied by Defendant Baca and the confidential informant discussed herein.[4] The names and addresses of the individuals identified in the arrest affidavits and arrest warrants may be redacted. The arrest affidavits and arrest warrants are to be numbered; *e.g.*, arrest affidavit No. 1 along with corresponding arrest warrant No. 1.

---

[4] Even though the interrogatory requests information regarding "search warrants" and "affidavits for search warrants," Defendants seemingly acknowledge that the interrogatory requests information concerning arrest affidavits and arrest warrants, *see* Discussion II.A.2, *supra*. Therefore, the Court will treat the terms as virtually synonymous.

### B. Interrogatory No. 5.

    1. <u>Question posed by Plaintiffs:</u>

Please state how much money Detective Baca gave to his alleged confidential source for purchase of narcotics from each Plaintiff and from each person arrested on or about May 21, 2010 on the basis of an arrest warrant affidavit completed by Charles Baca and how much narcotics he alleges the alleged confidential source bought from each Plaintiff and from each person arrested on or about May 21, 2010.

    2. <u>Answer given by Defendants:</u>

Defendants object to this interrogatory because it is vague and confusing. Without waiving their objections, Defendants state that the details of the drug buys made with the plaintiffs are set forth in the Affidavits for Issuance of Arrest Warrants completed by Charles Baca. The drug buys made by Officer Baca occurred on dates prior to the May 21, 2010 arrests. On March 21, 2010, the confidential informant working with Officer Baca was given $60.00 to buy drugs from plaintiff Joseph Higgins, and he purchased $40.00 worth of heroin from Mr. Higgins and returned $20.00 to Officer Baca. On March 22, 2010, the confidential informant was given $60.00 to buy drugs from plaintiff Joseph Higgins, and he purchased $60.00 worth of cocaine from Mr. Higgins. On March 30, 2010, the confidential informant was given $40.00 to buy drugs from plaintiff Leslie Garcia, and he purchased $40.00 worth of cocaine from her. On May 3, 2010, the confidential informant working with Officer Baca was given $20.00 to buy a baggie of methamphetamines from plaintiff Jose Urban and he made that purchase from Mr. Urban. On May 8, 2010, the confidential informant was given $40.00 to buy drugs from Leslie Garcia, and he bought $40.00 worth of methamphetamines from her.

    3. <u>Court's ruling:</u>

The Court finds that Interrogatory No. 5 is neither vague nor misleading. Thus, Defendants are ordered to answer the interrogatory in full. In answering, Defendants will provide information regarding the amount of drug money supplied and spent by the confidential informant for the purchase of drugs from each individual arrested on or about May 21, 2010 and whose arrests were based upon information supplied by Defendant Baca and the confidential informant discussed herein. To the extent that this information can be obtained from the arrest

affidavits and arrest warrants, Defendants need not provide any additional information in the answer to this interrogatory. If the amount of money does not appear in the arrest affidavit or arrest warrant, Defendants are to state the amount applicable to each case; *e.g.*, in connection with arrest affidavit No. 1 and arrest warrant No. 1, the confidential informant was given X amount of dollars and purchased Y amount of drugs.

### C. Interrogatory No. 15.

#### 1. Question posed by Plaintiffs:

Please produce all tactical plans, electronic communications, cad reports, cad recordings, dispatch recordings related to the service and execution of the search warrant or arrest warrant at Plaintiffs' homes or businesses and of all the persons arrested on or about May 21, 2010.

#### 2. Answer given by Defendants:

Defendants object to this request to the extent it seeks information about persons other than the three plaintiffs, because that information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. Without waiving their objections, Defendants have produced the State of New Mexico Uniform Incident Reports for the arrests of the three plaintiffs made on May 21, 2010 along with copies of their arrest warrants issued by the court. No search warrants were issued.

#### 3. Court's ruling:

As evidenced by Defendants' response, the information requested in Interrogatory No. 15 may be relevant to Plaintiffs' claims and appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendants are ordered to produce the State of New Mexico Uniform Incident Reports for the arrests of each individual arrested on or about May 21, 2010 based upon information supplied by Defendant Baca and the confidential informant discussed herein in response to this interrogatory. The names and addresses of the individuals identified in the incident reports may be redacted. The State of New Mexico Uniform Incident Reports are to

be numbered to correspond to the arrest affidavits and arrest warrants; *e.g.*, the State of New Mexico Incident Report related to arrest affidavit No. 1 and arrest warrant No. 1 is to be identified as report No. 1.

### D.      Interrogatory No. 21.

####      1.      Question posed by Plaintiffs:

Identify all persons arrested on or about 5/21/10 as a result of Detective Baca's affidavits or as a result of a CI buy. Include in your identification all addresses and dates of births.

####      2.      Answer given by Defendants:

Defendants object to this interrogatory because it seeks information about individuals other than the three plaintiffs that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory also seeks personal identifying information about individuals who are not witnesses to the incidents involving the three plaintiffs or their arrests, and Defendants object to producing such information based on those individuals' privacy interests. Without waiving their objections, Defendants state that the three plaintiffs are known to each other and their lawyer, and as such, Defendants do not plan to provide plaintiffs' last known addresses and their date of births unless their attorney confirms the need for this information.  The information is also available from the State of New Mexico Uniform Incident Reports for the drug buys involving the three plaintiffs in issue, in response to plaintiffs' Request for Production to defendants.

####      3.      Court's ruling:

The Court declines to order Defendants to provide the information requested by Interrogatory No. 21 at this time.

## III.      The Court Will Conduct an *In Camera* Hearing in Response to Plaintiffs' Motion to Compel.

As set forth below, the Court will conduct an *in camera* hearing so that Plaintiffs may obtain information regarding the following interrogatories and question the confidential informant.

A. **Interrogatory No. 12.**

    1.    Question posed by Plaintiffs:

Please produce the confidential informant file for the source you described in your affidavit for arrest warrant or search warrant against any of the Plaintiffs on or about May 20, 2010. Please produce the arrest record of the confidential source you had described in your affidavit for search warrant.

    2.    Answer given by Defendants:

Defendants object to this request because it seeks information about a confidential informant that is capable of identifying the informant, and based on safety concerns for the informant and based on concerns for confidentiality of other criminal investigations, such information is objected to being disclosed. Further, such information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence based on the scope of proper inquiry in this case. Without waiving their objections, Defendants state that they are not in possession of a formal "confidential informant file" for the informant used by Officer Baca in the operations involving the three plaintiffs. See also Defendants' response to Interrogatory No. 19 in Defendants' responses to Plaintiffs' First Set of Interrogatories which explains Officer Baca's knowledge about the confidential informant.

B. **Interrogatory No. 19.**

    1.    Question posed by Plaintiffs:

Please identify the confidential informant by name, address, date of birth, and social security number you alleged purchased drugs from and Plaintiff or any other person arrested on or about May 21, 2010. Please state the confidential informants complete criminal history.

    2.    Answer given by Defendants:

Defendants object to identifying the confidential informant by name, address, date of birth and social security number and to disclosing his "complete criminal history" which entails disclosing his identity to do so. Disclosing such information about the confidential informant could create issues for the informant's safety in the Santa Rosa community, and could bring other forms of retaliation against him and his family. Further, to the extent that the confidential informant is used in other law enforcement investigations and operations, disclosing his identity could jeopardize those operations and create similar concerns for the confidential informant's safety. Additionally, these concerns for confidentiality and safety of the confidential informant must take priority

especially where the requested details about the confidential informant are not relevant to the plaintiffs' civil rights claims asserted against defendants, which do not require proof beyond a reasonable doubt of criminal activity by plaintiffs. The relevant inquiry is whether an objective officer in similar circumstances would believe that he had probable cause to arrest the plaintiffs. How the officer knew of the confidential informant and what he observed the informant do or not do during events in issue are the relevant fields of inquiry, which may be undertaken without disclosing the confidential informant's identity. Consistent with Defendants' objections, and without waiving their objections, Defendants state that Officer Charles Baca learned about this particular confidential informant in issue from State Police officers who had used the confidential informant before in other operations, and as of 2010, Officer Charles Baca was aware that the confidential informant had prior arrests involving theft of property.

### C.     *In Camera* Hearing Procedure.

The Court finds that the above interrogatories are reasonably calculated to lead to the discovery of admissible evidence because they seek information about the confidential informant, whose testimony may either buttress or discredit Plaintiffs' claims. *See Roviaro*, 353 U.S. at 60 (noting the potential importance of a confidential informant's testimony when the confidential informant was directly involved in the illegal purchase of opium, a crime for which the defendant was charged). The Court acknowledges that ordering Defendants to answer the interrogatories may potentially expose the confidential informant and Defendant Santa Rosa to adverse consequences. On the other hand, to refrain from ordering Defendants to answer the interrogatories may eliminate Plaintiffs' ability to question a seemingly integral witness to the incidents and activities which form the basis of their claims. Thus, the Court must balance the interests of the parties to reach an equitable outcome. *See id.*

In searching for a just solution to the discovery dispute herein presented, the Court finds the *in camera* procedure outlined by the court in *Rodriguez v. City of Springfield*, 127 F.R.D. at 431, instructive. Therefore, similar to the procedure espoused by *Rodriguez*, the parties will adhere to the following *in camera* hearing schedule and procedure:

(1) The Court will issue an order to Defendants' counsel only, requiring counsel to produce Defendant Baca, along with the informant whose information was used in drafting the arrest affidavits and in securing the arrest warrants for all people arrested on or about May 21, 2011, for an *in camera* hearing at 10:00 AM on August 31, 2012. Plaintiffs and Plaintiffs' counsel are not permitted to attend this hearing.

(2) On or before August 27, 2012, Plaintiffs' counsel will submit to this court, in writing, suggested questions to be asked by the Court to Officer Baca regarding the informant's identity and background, or to the informant himself on any relevant subject.

(3) A transcript will be made of the *in camera* examination and sealed.

(4) A copy of the transcript (with the informant's name and address, and any other identifying information of persons not parties to this litigation redacted therefrom) will be provided to the parties.  Nothing in this procedure will limit Plaintiffs' right to depose Defendant Baca, except that no questions may be asked of him tending to disclose the identity of the informant.

The Court recognizes the potential burden placed on each party by the above procedure; however, balancing the interests of the parties necessitates such action.  With respect to Defendants' interests, this procedural compromise will ensure that the identity of the confidential informant remains undisclosed.[5]  Conversely, the procedure will ensure that Plaintiffs have the opportunity to pose their questions to the confidential informant and test the validity of their

---

[5] Although Defendants indicate that threats were made against the confidential informant's family after the arrests on May 20, 2010, *see* Doc. 38, at 11, Plaintiffs have failed to establish that the confidential informant's identity has been "disclosed to those who would have cause to resent the communication." *Roviaro*, 353 U.S. at 60.

claims. While the identity of the confidential informant shall not be disclosed, as noted above, Plaintiffs are free to depose Defendant Baca about the subject matter of the *in camera* hearing.

   IT IS HEREBY ORDERED that Plaintiffs Joseph Higgins, Leslie Garcia, and Jose Urban's Motion To Compel, Doc. 36, is GRANTED in part and DENIED in part. Defendants must respond within twenty-one (21) calendar days of the entry of this Memorandum Opinion and Order to Interrogatory Nos. 13, 5, and 15 as set forth herein. Defendants need not submit a further response to Interrogatory Nos. 21, 12, and 19. Plaintiffs and Defendants must comply with the schedule and procedure for the *in camera* hearing as described herein.

                            _____
                            Alan C. Torgerson
                            United States Magistrate Judge